## T. F. Harris v. George Harris et al.

1. STATUTES—*Construction of Section 4 of the Act of 1895 Relating to Negotiable Instruments.*—Section four of the act of 1895 relating to negotiable instruments, entitled, " An act to amend section seven of an act to revise the laws in relation to promissory notes, bonds, due bills and other instruments in writing, approved March 18, 1874, and to regulate the conduct of suits for enforcing the payment of certain negotiable instruments on which parties are jointly and severally liable," (Laws 1895, 262,) applies to drawers and indorsers of accepted bills of exchange and to indorsers and guarantors of promissory notes and not to a surety upon a promissory note who pays a judgment against him and his principal.

2. ADMINISTRATORS—*Legal Right to Represent His Estate.*—The legal right to represent an estate in the matter of the adjustment of claims for reimbursement to his intestate as a surety is in the administrator and not in the heirs.

**Motions to Consolidate Judgments, etc.**—Error to the Circuit Court of Moultrie County; the Hon. FRANCIS M. WRIGHT, Judge, presiding. Heard in this court at the May term, 1900. Reversed and remanded. Opinion filed December 7, 1900. [1]

R. M. PEADRO and JOHN R. EDEN, attorneys for plaintiff in error.

JOHN A. BINGHAM, attorney for defendants in error.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

The defendants in error, heirs-at-law of Joseph T. Harris, deceased, filed their motion in the Circuit Court, alleging that Joseph T. Harris, in his lifetime, signed as security for T. F. Harris two promissory notes for $500 each, payable to William Kirkwood; that Kirkwood recovered two judgments on the notes against both principal and security in the Circuit Court in 1897, and, after the death of Joseph T. Harris, probated the judgments against the estate; that the heirs-at-law of Joseph T. Harris, on June 3, 1899, paid to Kirkwood the amount due on said judgments, and that Kirkwood thereupon released the estate from further liability. The motion contained a prayer for service on T. F. Harris and that an order be entered directing that the judgments originally entered in favor of Kirkwood be consolidated and stand upon the docket in favor of and in the name of the said heirs, and be enforced by execution in their names.

The Circuit Court overruled a demurrer to the motion and granted the prayer contained therein.

Authority for substituting the defendants in error for Kirkwood as plaintiffs in the original judgments and having execution in their names against T. F. Harris is claimed under section 4 of the amendatory negotiable instrument

Harris v. Harris.

act of 1895, entitled, "An act to amend section 7 of an act to revise the laws in relation to promissory notes, bonds, due bills and other instruments in writing, approved March 18, 1874, and to regulate the conduct of suits for enforcing payment of certain negotiable instruments on which parties are jointly and severally liable." R. S. (Hurd's Ed. for 1898,) p. 1109. The section reads as follows:

" Whenever the drawer or indorser of an accepted bill of exchange or the indorser or guarantor of a promissory note shall have been joined with the acceptor of said bill or the maker of said note in a suit to enforce the collection thereof, and judgment has been recovered against any such drawer, indorser or guarantor who shall thereafter pay the same, the person so paying shall be entitled to have the judgment released as to him, but the same shall, at his option, stand, and may be enforced by execution under the order of the court against any other party thereto who remains liable to the party paying as upon said bill or note, for the reimbursement of the party so paying." * * *

It will be observed that the remedy is given expressly to drawers and indorsers of accepted bills of exchange, and to indorsers and guarantors of promissory notes. Joseph T. Harris was neither indorser nor guarantor of the Kirkwood notes. He was surety for the principal maker, T. F. Harris. The section quoted gives a surety on a promissory note who pays a judgment against him and his principal no greater remedy than he had prior to the amendment of section seven. We are of the opinion, therefore, that the right contended for was not in Joseph T. Harris in his lifetime. .

What attitude do the heirs of Joseph T. Harris occupy toward these judgments? Certainly not a more favorable one than was held by him in his lifetime. They were not parties to the judgments, and collection could not have been enforced against them. The legal right to represent the estate of the deceased in this matter was in the administrator, and even if it were held that a surety on a promissory note is given the right of an indorser or guarantor under the section quoted, the administrator, and not the heirs, could exercise the right of the deceased surety.

The judgment will be reversed and the cause remanded, that the Circuit Court may sustain the demurrer to the written motion. Reversed and remanded.

Note.—Mr. Justice Wright, having presided at the trial in the court below, took no part in the decision of the case in this court.